UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES NICHOLS,** individually and as father and next best friend of **B. N.,**<br>6201 Joyce Drive<br>Temple Hills, Maryland 20748<br><br>And<br><br>**BONNECIA POTTS,** individually and as mother and next best friend of **B. N.,**<br>6201 Joyce Drive<br>Temple Hills, Maryland 20748<br><br>               Plaintiffs,<br>v.<br><br>**PRINCE GEORGE'S COUNTY**<br>c/o Jared M. McCarthy<br>Center Administration Building<br>14741 Governor Oden Bowie Drive<br>Suite 5121<br>Upper Marlboro, Maryland 20772<br><br>               Defendant. | Case No.: |

**COMPLAINT**
**DISABILITY DISCRIMINATION IN STATE AND**
**LOCAL GOVERNMENT PROGRAMS AND SERVICES**

**I.     INTRODUCTION**

1.     This is an action seeking redress of violations of civil rights guaranteed Plaintiff by the Americans with Disabilities Act, 42 U.S.C. 12-101 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. – Plaintiffs were denied the services of a qualified speech therapist and/or the use of auxiliary communication devices during the interview process by Prince George's County Police.

2.     Plaintiffs seek declaratory, equitable and monetary relief under the Americans with Disabilities Act and the Rehabilitation Act. Specifically, Plaintiffs seek a declaration that the

governmental entities' failure to ensure effective communication, properly train and supervise their employees and reasonably modify their policies and practices violated each law aforementioned; a declaration that all defendants wrongfully refused to provide Plaintiff the services of a speech therapist, and refused to provide auxiliary communication devices; an order directing Defendant to correct its practices, damages, and all other appropriate relief to which Plaintiffs are entitled under the law.

## II.  JURISDICTION

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, because this action involved questions under Federal laws (the Americans with Disabilities Act, 42 U.S.C. 12-101 et seq., and § 504 of the Rehabilitation Act, 29 U.S.C. § 794). This Court also has jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this district because Plaintiff resides in this district in Prince George's County Maryland, the events underlying the complaint occurred in Prince George's County, Maryland, and Prince George's County is a department or agency of the State of Maryland.

5. Plaintiffs have provided notice of their intention to file this Complaint to all governmental entities. This action is timely filed.

6. The remedies requested are:

A. A declaration that Prince George's County's failure to reasonably modify practices when interacting with individuals with difficulty communicating – specifically, Defendants failure to provide Plaintiff with a qualified speech therapist during the interview – violated the Americans with Disabilities Act;

B. A declaration that Prince George's County's failure to reasonably modify practices when interacting with individuals with speech impediments during interview – violated the Rehabilitation Act;

C. A declaration that Prince George's County's failure to reasonably modify its practices when interacting with individuals with speech impediments – specifically, Defendant's failure to provide the Plaintiff with an auxiliary communication device during the interview – violated both the Americans with Disabilities Act and the Rehabilitation Act;

D. An award of damages;

E. An award of attorney's fees and costs;

F. Any and all other relief to which they may be entitled and as the nature of the case requires.

### III.   PARTIES

7. Plaintiff, Charles Nichols is the father of B.N. Mr. Nichols lives in Prince George's County, Maryland.

8. Plaintiff, Bonnecia Potts is the mother of B.N. Ms. Potts lives in Prince George's County, Maryland.

9. Plaintiff, B.N. is a minor child with a disability. B.N. lives with his parents in Prince George's County Maryland.

10. Defendant Prince George's County funds and maintains the Prince George's County Police Department. The Prince George's County Police Department operates under and administers a set of law enforcement and support policies, practices and customs including budgeting for support services such as auxiliary communication devices and speech therapist, and hiring, training and supervision of its employees including training in the use of communication with citizens with speech impediments.

11. The State of Maryland promulgates policies regarding the use of speech therapist and auxiliary communication devices by employees of the State Department of Public Safety and Correctional Services.

## IV.   CLAIMS

### COUNT I
*(Violation of the Americans with Disabilities Act – Prince George's County)*

12. Plaintiff repeats and re-states paragraphs 1through 10.

13. At all times relevant herein, the employees of Prince George's County had a duty to uphold the law of the United States, including the American with Disability Act.

14. Officers and/or employees of Prince George's County were acting under color of law and on behalf of Prince George's County which approved and/or condoned their actions and this any and all liability on the part of the officers and/or employees is imputed to Prince George's County.

15. Defendant willfully, intentionally and maliciously discriminated against Plaintiffs because of B.N.'s disability, by refusing to modify its policy and practice and thereby failing to provide Plaintiff with a qualified speech therapist and/or auxiliary communication device during the interview process.

16. Defendant's actions, both of commission and omission, were in violation of Plaintiffs rights under the Americans with Disabilities Act, 42 U.S.C. § 12-101 et seq., causing Plaintiffs significant damage.

### COUNT II
*(Violation of § 504 of the Rehabilitation Act – Prince George's County)*

17. Plaintiff repeats and re-states paragraphs 1 through 10.

18.     Defendant's actions, both of commission and omission, were in violation of Plaintiffs rights under the Rehabilitation Act, 29 U.S.C. §794, causing Plaintiff significant damages.

## COUNT III
*(Negligent Training and Supervision – Prince George's County)*

19. Plaintiffs repeat and re-state paragraphs 1 through 10.

20.     At all times relevant herein, the employees and/or officers of Prince George's County were acting under the direction and control – pursuant to the rules, regulations, policies and procedures, including training in communication with citizens with speech impediments – of Prince George's County.

21.     Defendant, Prince George's County acted negligently, carelessly, recklessly, maliciously and with deliberate indifference by failing to properly train, supervise, control, direct and monitor the employees and/or officers on duty at the Prince George's County Police Department in their duties and responsibilities with regard to communication with citizens with speech impediments as required by the Americans with Disabilities Act.

22.     As a direct and proximate result of the acts and omissions of the Defendant Prince George's County, Plaintiff was discriminated against by the Defendant's refusal to ensure effective communication through the use of a speech therapist of an auxiliary communication device.

23.     Defendant's actions, both of commission and omission, caused Plaintiff significant damages.

### V.     **JURY TRIAL**

24. Plaintiffs request a jury trial.

WHEREFORE, Plaintiff respectfully requests that this Court issue judgment for Plaintiff against Defendant as follows:

A. Declare that Defendant violated Plaintiffs' rights under the American with Disabilities Act, Title II, 42 U.S.C. § 12-101, et seq.:

B. Declare that Defendant violation Plaintiffs' rights under § 504 of the Rehabilitation Act, 29 U.S.C. § 794;

C. Order Defendant to be enjoined from further violation of the Americans with Disabilities Act;

D. Order Defendant to be enjoined from further violations of the Rehabilitation Act;

E. Award Plaintiffs compensatory damages for the financial, physical and emotional pain and suffering and other harm caused by Defendant's wrongful actions in the amount of Two Hundred Thousand Dollars ($200,000.00);

F. Award Plaintiff attorney's fees and costs;

G. Award Plaintiff such other and further relief as the Court deems just, reasonable and appropriate to correct the illegality and wrongs committed.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C

/s/ Nesibneh A. St. Hill
Nesibneh A. St. Hill, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004